## [No. 3783.]
### WOOD v. THROCKMORTON ET AL.

1. LUNATICS—ACTIONS.
Actions by or on behalf of lunatics will be permitted only where they are necessary for the interest of the lunatic, and it is within the discretion of the court to permit an action instituted in behalf of a lunatic, to proceed or not, as the interest of the lunatic may require.

2. SAME—REMOVAL OF CONSERVATOR.
An action to remove the conservator of the estate of a lunatic prosecuted by his brother as next friend, will not be entertained where the only grounds urged for his removal are that the court appointing the conservator had no jurisdiction and the appointment was therefore not binding, and that the relatives of the lunatic are desirous of having his affairs confided to relatives, where it appears that the conservator has faithfully performed his duties, and it is not shown that any injury will result to the lunatic's interests by permitting the conservator to continue his trust.

*Error to the County Court of Arapahoe County.*

PLAINTIFF in error is hopelessly insane, having been adjudged a lunatic by the probate court of Sedgwick county, Kansas, in 1878, and has been confined in an asylum in that

state since 1879. The court in which the inquisition was had, appointed defendant in error, Throckmorton, conservator of his estate. In 1893, the latter applied *ex parte* to the county court of Arapahoe county for appointment as conservator of the estate of his ward in this state. On this application, defendants in error were appointed respectively conservator and assistant conservator. In December, 1896, plaintiff in error, by Thomas E. Wood, his brother and next friend, filed a motion to set aside these appointments, which was denied. To this ruling and the orders to which the motion was directed, William H. Wood prosecutes a writ of error to this court, the ground upon which he relies for judgment vacating such orders being, that the county court was without jurisdiction to make them. The writ appears to be in the name of William H. Wood alone, but it is contended by his counsel that, in fact, it was issued at the instance of his next friend, Thomas E. Wood. Defendants in error move to dismiss upon several grounds which, so far as necessary to consider, are embraced in the following:

That this proceeding should not be permitted, for the reason that it appears that no injury has, or can, result to plaintiff in error by the orders of the court below; and that it is not to his interest, nor can any benefit accrue to him, by a prosecution of this action. From the evidence submitted in support of this motion, it appears that defendants in error have discharged their trust with fidelity, and are acting for the best interests of their ward, and that Thomas E. Wood and the other immediate relatives of the incompetent have never given him any attention, or interested themselves in his behalf until after defendants in error secured for him a large judgment, and an interest in valuable mining property. In answer to this, the affidavit of Thomas E. Wood is presented, in which he says that he is acting as the next friend of his brother in this proceeding, at the request and with the approval of his mother and brothers, who are desirous of having the management of his affairs taken from strangers, whom, it is alleged, secured their appointment for speculative pur-

poses, and confided to relatives, and that he has employed counsel for that purpose.

Mr. A. J. RISING, for plaintiff in error.

Mr. F. J. MOTT and Messrs. HAYT and DAWSON, for defendants in error.

PER CURIAM. The question raised by the motion to dismiss, is, whether or not this action is necessary, or should be permitted. Plaintiff in error is mentally incapacitated from directing his affairs, and they must be managed by some one for him. Every person has the right to appeal to the courts for the purpose of redressing real or fancied wrongs. Those who are mentally capable of choosing for themselves what actions should or should not be maintained in their behalf, can do so without question, or respect to the necessity therefor; but not so with persons *non compos mentis.* Not being able to determine for themselves what course to pursue with regard to such matters, necessarily it must be determined for them, and their rights presented to the courts for adjudication, through the intervention of a next friend, or some one authorized to represent them.

Defendant in error, Throckmorton, under his appointment by the probate court of Kansas, has acted as conservator for plaintiff in error since 1885. His ward, having interests in this state which it was necessary to protect, in conjunction with his codefendant in error as assistant, he was appointed conservator of his estate in this state. These interests were in controversy and being litigated in the United States circuit court for Colorado. It is not claimed that either of these parties has been unfaithful in the discharge of the trusts imposed; on the contrary, it appears they have discharged them with fidelity; have obtained a large judgment in favor of their ward, and an interest in valuable mining property. They have been recognized by the court in which this litigation was pending, and the action of the county court of Ara-

pahoe in appointing them, upheld. The only reason which plaintiff in error urges in support of the proposition that the orders appointing them be vacated, is, that the county court was without jurisdiction, and he is not bound by them; but what possible injury to the interests of plaintiff in error can result, if the conservator and his assistant are permitted to continue to execute the trust which at their instance has been imposed upon them by the lower court? None is suggested. It is stated in the affidavit of Thomas E. Wood, that the immediate relations of plaintiff in error are desirous of having the administration of his affairs confided to relatives. It appears from affidavits filed, that those at whose instance the motion to vacate was made below, and the writ of error sued out in this court, have allowed the son and brother to remain in the asylum all these years, without any attention upon their part, or attempt to alleviate his condition; nor have they manifested any interest in his behalf until the successful termination of the litigation above referred to; such conduct certainly does not tend to inspire confidence in those who have been guilty of it, or appeal with any degree of persuasiveness to their claims for recognition in the management of the affairs of the unfortunate lunatic, upon the ground of relationship. The welfare and interest of plaintiff in error are matters of prime importance, which must receive the careful consideration of the court before any litigation claimed to be instituted on his behalf is allowed to progress; and to that end, it is proper to consider its necessity or result; for it is not every action, instituted by the next friend of one *non compos mentis*, which should be permitted to continue; otherwise, the interests of the incompetent may be jeopardized, and his estate wasted. Proper and necessary suits for the benefit of incompetents should be encouraged, and the parties at whose instance they may be commenced, protected; but it is in the discretion of the court to allow an action so instituted to proceed or not, as it may be governed by a consideration of its necessity, for the protection of the interests of one mentally incapable of judging in this respect

for himself. *Whetstone v. Whetstone*, 75 Ala. 495; *Nalder v. Hawkins*, 2 Mylne & Keen, 243; *Plympton v. Hall*, 55 Minn. 22; Story's Eq. Pl. § 66. If the proposition advanced by counsel for plaintiff in error should be sustained, it would still be necessary that some one should represent and protect the interests of William H. Wood in this state. If the orders appointing defendants in error are vacated, other proceedings would, doubtless, be instituted, with the view of securing the appointment of a proper person to succeed them. This delay and expense is wholly unnecessary; there is nothing to be gained by pursuing such a course. The interests of the estate will be no better protected if it is; and for these reasons, this litigation should not be waged. The writ of error is dismissed, at the expense of Thomas E. Wood.

*Writ dismissed.*