QUATTLEBAUM *v*. TRIPLETT.

Opinion delivered February 16, 1901.

ADMINISTRATION — VESTING ESTATE IN CHILDREN. — Sand. & H. Dig., §§ 3 and 4, provide for the vesting of a decedent's personal estate in his widow and children if it does not exceed $300 in value, and that if it does not exceed $800 in value they may retain the amount of $300 therefrom, and that "when any person shall die, leaving children but no widow, the court shall, upon application made to him for said children, appoint appraisers and cause to be made appraisement of the personal property of the estate for the purpose of the vestment of such property," etc. *Held*, that the language of the act indicates that it was intended for the protection of minor and not adult children. (Page 93.)

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

STATEMENT BY THE COURT.

This suit arose in the probate court of Jefferson county on the petition of S. Galligan, then guardian of Walter A. Rainey, a minor son of W. D. Rainey, deceased, to have vested in said minor $300 of the personal property of deceased, petition alleging the personal estate to be of less value than $800, and that no widow survived, but that deceased Rainey left as heirs said minor and Sallie Rainey, who has intermarried with Lee M. Quattlebaum, and her brother, Wright H. Rainey, both of whom were of full age. The prayer of the petition being that the court appoint appraisers of the personal estate, etc., and that the court then make an order vesting in Galligan, as guardian of said minor the sum of $300 or

personal property of that value for the support and education of said minor.

Lee M. Quattlebaum, as administrator of the estate of W. D. Rainey, deceased, and Wilsie Rainey Quattlebaum, a daughter of W. D. Rainey, deceased, who in the petition is called Sallie W., re-sisted the prayer of the petition, on the ground that said deceased left surviving him three children, who under the law were entitled to share and share alike in said personal estate. The probate court at the hearing held that the personal estate was of less value than $800, and that the administrator, Quattlebaum, pay over to the guardian of the minor the sum of $300.

From this order administrator Quattlebaum and Wilsie Rainey Quattlebaum appealed. In the circuit court the cause was tried by the court sitting as a jury, who entered substantially the same judg-ment as the probate court.

The cause was tried upon agreed statement of facts, that is, that the petition filed by Galligan, guardian, be accepted as the facts, and also that Lee M. Quattlebaum is the administrator of W. D. Rainey, deceased. At the hearing appellants prayed the court to declare the law as follows: "(1.) That under the law all of the children of W. D. Rainey, deceased, are entitled to an equal share of his estate, that is, to share and share alike therein. (2.) That the word "children," as set out in sections 3 and 4 of Sandels & Hill's Digest of the statute laws of Arkansas, means the issue or heirs of the body of the father or mother, regardless of age. (3.) In this case, Wilsie Rainey Quattlebaum, being a daughter and one of the children of W. D. Rainey, deceased, is en-titled under the law to share in the personal estate set out in the pe-tition equally with said minor Walter A. Rainey and said Wright H. Rainey. (4.) That the prayer of the petition is refused."

The court refused to declare the law as above requested, and appellants at the time excepted. Thereupon the court found the facts to be as set out in petition, and that Sallie W. and Wilsie Rainey Quattlebaum are one and the same person, and declared the law to be that petitioner, as guardian of Walter A. Rainey, is en-titled to have set apart out of the personal estate of Rainey, de-ceased, $300 for support, maintenance and education of said ward. To this declaration of the law appellants at the time excepted. The court then directed the entry of the judgment set forth in the transcript.

Appellants filed a motion for a new trial, which was by the court overruled, and appellants excepted.

*Austin & Taylor,* for appellants.

The word "children," as used in the act of 1887, is not restricted to *minor* children. 5 Am. & Eng. Enc. Law (2d Ed.), 1084; 3 Pa. Dist. Rep. 758; 20 Phila. 117; 20 Kans. 903. The act should be given its plain meaning. Endl. Interp. Stat. §§ 788. The act of 1887 repealed that of 1885. 27 Ark. 419; 10 Ark. 588; 43 Ark. 427; 29 Ark. 225, 227.

*White & Altheimer,* for appellee.

The act of 1887 did not repeal that of 1885. Repeals by implication are not favored. 24 Ark. 479; 28 Ark. 325; 53 Ark. 417; 29 Ark. 225-237; 34 Ark. 499; 53 Ark. 339; 48 Ark. 159; 56 Ark. 45-47; 54 Ark. 237; 41 Ark. 149; 45 Ark. 90, 92; 50 Ark. 132; 51 Ark. 559; 60 Ark. 61. Adult heirs have no right to the assets of an estate until debts are paid. 25 Ark. 499; 27 Ark. 445; 47 Ark. 225; 51 Ark. 78. The statute of 1887 applies to *minor* children, as distinguished from others.

HUGHES, J., (after stating the facts.) The question presented for adjudication is, whether the word "children" used in sections 3 and 4 of Sandels & Hill's Digest shall be construed to mean minor children, or whether it includes the children of the parents, regardless of age.

The sections referred to are as follows:

"Sec. 3. When any person shall die, leaving a widow and children, or widow or children, and it shall be made to appear to the court that the personal estate of such deceased person does not exceed in value the sum of three hundred dollars, the court shall make an order vesting such personal property absolutely in the widow and children, or widow or children, as the case may be; and in all cases where the personal estate does not exceed in value the sum of eight hundred dollars, the widow or children, as the case may be, may retain the amount of three hundred dollars out of such personal property at cash price.

"Sec. 4. When any person shall die, leaving children but no widow, the court shall, upon application made to him for said children, appoint appraisers, and cause to be made appraisement of the personal property of the estate for the purpose of the vestment of such property, as provided by section 3."

These sections were enacted in 1887 (See Acts 1887, p. 207), and the last section of the act provides "that all acts and parts

of acts in conflict with the provisions of this act be and the same are hereby repealed," etc.

The act approved April 1, 1885, reads as follows: "Sec. 1. When any man shall die leaving minor children and no widow, and his estate shall not be above the value of three hundred dollars ($300), his entire estate shall vest in his minor children for their support and education, and the probate court shall not be required to appoint an administrator on such estate. Provided, further, that such minor children shall be entitled to retain the sum of three hundred dollars ($300) out of such estate, regardless of the valuation of said estate, for their support and education, and it shall be the duty of the probate court to order said sum of three hundred dollars ($300) paid over for the benefit of said minor children." Acts of 1885, p. 192.

It would be an unwarranted belief that the legislature intended by the act of 1887 to give the property or effects of a decedent to his adult children, leaving nothing for the creditors. The language of the act indicates that it was intended for the protection of minor children, in this: Section 4. "When any person shall die, leaving children but no widow, the court shall, upon application made to him for said children, appoint appraisers, and cause to be made appraisement of the personal property for the purpose of the vestment of such property, as provided by section 3." If the intention of the act was that the property was to be vested in adults, why would the legislature have provided that upon an application made to him for the children, the judge might make the order for the appraisement, which seems to indicate that the application to be made was for those not competent to make it for themselves. It is an indication that the general assembly in the use of the word "children" meant minor children. It seems evident that this legislation was intended to protect the widow and helpless children of a deceased father. "There is a distinction to be observed in the use of the word 'child' in statutes passed for the protection of children, and its use in the law of descents and distribution. In the former case 'child' means a person of tender years, without regard to parentage, while in the law of wills and intestacy age has nothing to do with the question, and parentage everything. 1 Rapalje & Lawrence, Law Dictionary, p. 204.

We are of the opinion that the judgment of the circuit court is correct, and it is therefore affirmed.