No. 8940.

PEARMAN v. THE PEOPLE.

1. CONSTITUTIONAL LAW—*Title of Statute.* Sec. 1 art. V. of the Constitution must receive a reasonable construction.

The title of the act being "An Act to compel men to support their children" a provision requiring the support of illegitimate children was approved.

2. CHILDREN—*Duty of Parent to Support.* Under c. 179 of the acts of 1911 the father of an illegitimate child, who, without lawful excuse, fails to provide for its support and education is guilty of felony.

*Error to Jefferson County Court, Hon. Alexander D. Jameson, Judge.*

Mr. ROY H. BLACKMAN and Messrs. CRUMP & ALLEN, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. CHARLES ROACH and Mr. JOHN L. SCHWEIGERT, Assistant Attorneys General, for The People.

Mr. Justice Hill delivered the opinion of the court:

THE plaintiff in error was convicted of non-support of his illegitimate child. The action was under section 1 of our so-called non-support act, page 527, Laws 1911.

It is claimed that the portion of section 1, which refers to illegitimate children is void because not covered by the title. The portion of the title involved reads, "An act to compel men to support their wives and children." That portion of section 21, article V of the Constitution necessary to consider reads, "No bill, excepting general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The claim is that the word "children" as used in the title, embraces only legitimate children, hence does not include illegitimate children provided for in section 1 of the act. "In its primary sense 'children' signifies offspring of the first degree." 5 Am. & Eng. Ency. of Law (2nd ed.), 1082  See also *Will*

*of Scholl,* 100 Wis. 650. "When used in statutes it (children) is not necessarily confined to children born in lawful wedlock, but may include natural and illegitimate children." 1 Corpus Juris, 752.

This constitutional prohibition must receive a reasonable construction. Its primary purpose is to avoid surprise and fraud upon legislators and people in the enactment of laws and to those over whom the laws are operative. This provision is sufficiently complied with so long as the legislation attacked is fairly germane to the subject-matter expressed in the title.

*Golden Canal Co. v. Bright,* 8 Colo. 144, 6 Pac. 42; *People ex rel v. Goddard,* 8 Colo. 432, 7 Pac. 301; *Edwards v. D. & R. G. R. Co.,* 13 Colo. 59, 21 Pac. 1011; *In Re Breene,* 14 Colo., 401, 24 Pac. 3; *Stockman v. Brooks,* 17 Colo. 248, 29 Pac. 740; *Catron v. County Commissioners,* 18 Colo. 553, 33 Pac. 513; *In Re Pratt,* 19 Colo. 138, 34 Pac. 680; *Colo. M. & E. Co., v. Mitchell,* 26 Colo. 248, 58 Pac. 28.

When the purposes of this act are considered, we are of opinion that its title is sufficiently broad to embrace illegitimate children. It applies to men, not necessarily married men, and to compel them to support their children, not necessarily legitimate children. As here used the word "children" should be construed in its broadest sense.

In *Quattlebaum v. Triplett,* 69 Ark. 91, 61 S. W. 162, the court, at page 94, said:

"There is a distinction to be observed in the use of the word 'child' in statutes passed for the protection of children, and its use in the law of descents and distribution. In the former case 'child' means a person of tender years, without regard to parentage, while in the law of wills and intestacy age has nothing to do with the question, and parentage everything."

This declaration applies here. It is immaterial who the mothers of the children are, the title is general as to children. The act is more specific and mentions an illegitimate child or children, all of them are included in the word "children" as used in the title of the act. This principle

was applied in *Cecil v. Commonwealth,* 140 Ky. 717, 131 S. W. 781, Ann. Cas. 1912 B 501.

The judgment is affirmed.

Decision *en banc.*