## No. 9380.

### IN RE RAINBOLT.

1. LUNATIC—*Restoration of Reason—Jurisdiction to Discharge.* Every proceeding under c. 118 of the Laws of 1915, relating to lunatics, is open to modification in the court of original jurisdiction, on application of any party in interest, or in his or her behalf, even though no reservation is made in the order or decree.

Petitioner having been declared a lunatic, and recovered her reason as she alleged, applied for the writ of habeas corpus, for her enlargement.

Held that the matter was within the jurisdiction of the court in which the original proceeding was had, and for this reason the writ was denied.

2. SUPREME COURT—*Jurisdiction.* The Court will not entertain an original proceeding which involves a hearing of testimony, and determination of facts, where an inferior court has ample jurisdiction.

*Petition for Writ of Habeas Corpus.*

Mr. A. H. MORRISON, for petitioner.

Mr. ROBERT COLLIER and Mr. GEORGE Q. RICHMOND, for respondent.

Mr. Justice Bailey delivered the opinion of the court:

THIS is an original application for a writ of habeas corpus by Lucy Rainbolt, who claims to be unlawfully restrained of her liberty by defendant herein. It appears that Mrs. Rainbolt was adjudged insane by the County

Court of the City and County of Denver, in July, 1916, and committed to the care and custody of her husband until further order of the court. The writ is sought under section 2919, R. S. 1908, which is as follows:

"Second, where, though the original imprisonment was lawful, yet by some act, omission or event, which has subsequently taken place, the party has become entitled to his discharge."

Plaintiff claims to have recovered her reason, and relies upon a return to sanity as the "event which has subsequently taken place" to warrant this application. We are asked to assume original jurisdiction, take testimony and determine whether plaintiff is now sane. Such jurisdiction should not be exercised if the question may properly be determined, and the rights of plaintiff fully protected and enforced, in the County Court.

The hearing was had under chapter 118, Session Laws 1915, relating to the commitment and discharge of lunatics. The chapter sets out the procedure to be followed in the commitment of distracted persons, and for an accounting by the conservator when the incompetent shall be discharged as by law provided. Plaintiff contends that the provisions for the discharge of a person adjudged incompetent, contained in section 4130, R. S. 1908, are unconstitutional, and that therefore there is no way provided by which she can get relief except through this application.

It is unnecessary to pass upon the constitutionality of section 4130, as all proceedings, judgments and orders under chapter 118, Session Laws 1915, are of a continuing character, and open to change and modification on application of any party in interest in the court having original jurisdiction. Such proceedings are analagous to those appointing guardians, decrees awarding the custody of minors or payment of alimony in divorce cases, and like matters which are not within such judicial control as to make adjudications therein absolutely final. While such judgments and decrees are final in the sense that they determine matters then in controversy, and are subject to

review on error, they can not, in the very nature of things, be irrevocably conclusive. In the case of plaintiff the order of commitment was "until the further order of the court." Plainly the court had in mind the fact that other orders might become necessary and accordingly left the proceedings open; and whether the court did so or not, the case at all times would have been open for further action by the court to meet any exigency.

Such proceedings may be reopened upon petition of the next friend of the party in interest. *Wood v. Throckmorton*, 26 Colo. 248. Or such petition may be presented by the conservator or guardian. If the interests of the latter are antagonistic, or should they fail or refuse to act, plaintiff herself may institute such proceedings. In *Weisman v. Donald*, 125 Wis. 600, 104 N. W. 916, reported in 2 L. R. A. (N. S.) 961, the common law right of a lunatic to be heard in his own behalf is discussed as follows:

"Again, in *Rankin v. Warner*, 2 Lea 302, it is said: 'The law mainly designs to protect the weak and dependent, and if the courts, seeing a suitor has rights or property entitled to their consideration and judgment, turn him out because no one will or does assume the role of guardian or next friend for him, they will certainly be guilty of strange perversion of the object of their creation.' The common law right of a lunatic to maintain a suit was declared as long ago as Lord Coke's time, in *Beverley's Case*, 4 Coke, p. 568."

This rule was announced in a case involving property rights only. Manifestly it applies with even greater force where the liberty of the plaintiff is involved, and under it the petitioner may have the issue of her present sanity adjudicated by the County Court in the same manner that like disputed questions may be therein heard and determined.

The application for the writ is therefore denied, and plaintiff is remanded to her remedy in the County Court, which has full jurisdiction to hear and adjudge all ques-

tions involved. That court not only has jurisdiction to hear and determine, but it is its duty to do so.

Writ denied.

Decision *en banc.*