## No. 10,932.

### THE PEOPLE v. MUSSER.

Decided April 7, 1924.

On petition for an adjudication of restoration to sanity. Demurrer to petition overruled.

*Affirmed.*

1. INSANE PERSONS—*Discharge—Court Jurisdiction.*  Under existing
   Colorado statutes county courts have jurisdiction to hear and
   grant petitions for the discharge of patients from the insane
   asylum who are restored to reason.

*Error to the County Court of Pueblo County, Hon. Frank
G. Mirick, Judge.*

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. J. P.
O'CONNELL, Assistant, Mr. J. ARTHUR PHELPS, for the
people.

Mr. W. M. SWIFT, Mr. M. J. GALLIGAN, for defendant in
error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a proceeding brought by a patient of the state
insane asylum to have an adjudication of restoration of
sanity, and to obtain a final discharge from such asylum.
The instant proceeding was instituted by the filing of a
petition, praying for the relief above indicated, in the
county court of Pueblo county.  The petition, filed Novem-
ber 12, 1923, alleges, in substance, that on August 1, 1920,
the petitioner was adjudged insane and afterwards con-
fined in the Colorado State Hospital; that she received a
probationary discharge in 1922, but that the superintend-
ent of the hospital refuses to give her a final discharge;
that she has fully recovered her reason; and, that she pre-
sents her petition herself because the interests of her con-
servator are antagonistic to her.

The county attorney of Pueblo county, on behalf of the
state, filed a demurrer to the petition.  The demurrer chal-
lenged the jurisdiction of the court, and was overruled.
The people elected to stand on the demurrer.  The court
ordered that the petitioner be discharged according to the
prayer of her petition.  The people bring the cause here
for review, assigning as error the court's assuming juris-
diction in this matter and in overruling the demurrer.

The sole contention of the Attorney General is that the
county court had no jurisdiction to reopen the original

lunacy proceedings, and that the petitioner's only remedy is a habeas corpus proceeding against the superintendent of the state insane asylum. To sustain this contention, he cites section 565, C. L. 1921, and particularly that clause thereof wherein it is provided that "if any person confined in the state insane asylum shall be restored to reason, the superintendent thereof shall discharge such person from said confinement." The Attorney General further calls attention to the fact that there is no other statutory provision relating to the discharge of a patient from the state insane asylum.

Section 565, C. L. 1921, above cited, while authorizing the superintendent of the Colorado insane asylum to discharge patients who are restored to reason, does not divest the county court of the jurisdiction which it would have in the absence of such statute. The case of *In re Rainbolt*, 64 Colo. 581, 172 Pac. 1068, is decisive of the instant case. We there held that all proceedings, judgments and orders under the act relating to insane persons (Chapter 118, S. L. 1915, p. 336) are of a continuing character, and open to change and modification on application of any party in interest in the court having original jurisdiction, and that a lunacy case is at all times open for further action by the court to meet any exigency. Under that decision it must be held that the county court of Pueblo county had jurisdiction to hear and grant the petition in the instant case, and that it was not error to overrule the demurrer.

The application to make the writ of error a supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.