No. 11,084.

METAXOS *v.* THE PEOPLE.

Decided November 10, 1924.

On order remanding insane person to the state asylum.

*Affirmed.*

*On Application for Supersedeas.*

1. INSANE PERSONS—*Remand to Asylum—Jury.* Under the provisions of section 565, C. L. '21, concerning insane persons, it appearing to the county court that an inmate of the state insane asylum having received a probationary discharge, was not restored to reason, an order remanding him to the asylum without a new trial by jury, held proper.

*Error to the County Court of the City and County of Denver, Hon. George A. Luxford, Judge.*

Mr. F. W. SANBORN, Mr. HERBERT M. MUNROE, for plaintiff in error.

Mr. RICE W. MEANS, Mr. RICHARD F. RYAN, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

NICHOLAS P. METAXOS was, by the order of the county court of Denver, remanded to the insane asylum at Pueblo and he brings the case here and asks for supersedeas. The supersedeas must be denied and the judgment affirmed.

The patient was committed to the insane asylum January 8, 1920. May 17, 1922, the superintendent wrote the county judge "We have to-day discharged N. P. Metaxos, and he is no longer an inmate of this institution." The superintendent testified that this letter of his stating the patient's discharge was not a statement that he was restored to reason, and that he never had been, but that he was discharged on probation, in care of his friends who agreed to take him out of Colorado to Indiana, the place of his residence.

The statute (C. L. § 565), reads, in part: "If any person confined in the state insane asylum shall be restored to reason, the superintendent thereof shall discharge such person from said confinement and shall forthwith transmit to the judge of the county court, by which said patient was adjudged insane, a notice in writing setting forth that such lunatic or insane person has been restored to reason, and has been discharged and the said superintendent shall have the further power to issue a probationary discharge * * *."

Upon the hearing the county court determined that the discharge in question was a probationary discharge and that the patient had not been restored to reason and therefore committed him to the asylum without a new trial by jury. This was manifestly correct.

Supersedeas denied and judgment affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.