## Maxey v. Commonwealth.

(Decided October 5, 1928.)

### Appeal from Monroe Circuit Court.

1. Criminal Law.—In prosecution of father for carnal knowledge of his daughter under Ky. Stats., sec. 1219, in which defendant denied his parentage, instruction permitting conviction for incest if child was born in wedlock and recognized by defendant held error, where there was no evidence that defendant ever recognized child.

2. Incest.—Under Ky. Stats., sec. 1219, denouncing carnal knowledge of daughter, blood relationship must exist, and carnal knowledge of stepdaughter on part of stepfather is not incestuous.

3. Bastards.—Though birth of child in lawful wedlock and evidence of her recognition as his daughter by defendant, accused of incest under Ky. Stats., sec. 1219, may create strong presumption of parentage, presumption is not conclusive and may be rebutted by contrary evidence.

4. Incest.—Defendant accused of carnal knowledge of his daughter under Ky. Stats., sec. 1219, was not guilty unless he actually begot child and knew himself to be her parent, though child was born to defendant's wife four months after defendant's marriage.

B. F. DENHAM for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Reversing.

This is an appeal from a judgment convicting Charlie Maxey of incest, and fixing his punishment at three years' imprisonment in the state penitentiary.

The indictment was drawn under section 1219, Kentucky Statutes, which is as follows:

"Whoever shall carnally know his or her father, mother, child, sister or brother, knowing such relation to exist, shall be guilty of felony, and confined in

the penitentiary not less than two nor more than twenty-one years."

The indictment charged that appellant carnally knew his daughter, Ruby Maxey, knowing at the time that she was his daughter.

Though sufficient to take the case to the jury, the evidence of appellant's guilt is by no means satisfactory. Appellant not only denied the offense, but testified in substance that Ruby Maxey was not begotten by him, but was born about four months after his marriage to her mother. In dealing with this situation the court gave the following instruction:

"A child born in lawful wedlock, and recognized by the father as his own child, and if the father should have intercourse with the child, he would be guilty of incest."

In the first place, this instruction is erroneous because the commonwealth introduced no evidence tending to show that appellant recognized Ruby Maxey as his child. In the next place, our incest statute does not prohibit sexual intercourse between persons related only by affinity, as is the case in some states. Though it be true that legitimacy is not essential, and that a father may commit incest with his natural daughter, Cecil v. Commonwealth, 140 Ky. 717, 131 S. W. 781, Ann. Cas. 1912B, 501, it is necessary that a blood relationship shall exist, and the statute cannot be extended so as to include the relationship of stepfather and stepdaughter. Even the statute which legitimates a bastard for the purpose of making him capable of inheriting requires recognition by the person by whom the child was actually begotten. The instruction complained of made the birth of Ruby Maxey in lawful wedlock and her recognition by appellant as his own child conclusive, even though as a matter of fact she was not his child. Though her birth in lawful wedlock and evidence of her recognition by appellant as his child may be sufficient to create a strong presumption that she is his child, this presumption is not conclusive in the face of other evidence tending to show the contrary. Sergent v. North Cumberland Mfg. Co., 112 Ky. 888, 66 S. W. 1036, 23 Ky. Law Rep. 2226; Lewis v. Sizemore, 78 S. W. 122, 25 Ky. Law Rep. 1354. It follows from what we have said that the instruction complained of should not have been given.

In lieu thereof the court on another trial will give the following instruction:

"One is not the child of another unless actually begotten by him, and unless you believe from the evidence beyond a reasonable doubt that Ruby Maxey was actually begotten by defendant, and that he knew such relation to exist, you will find the defendant not guilty."

Judgment reversed, and cause remanded for a new trial consistent with this opinion.