No. 15,241.

PEOPLE EX REL. BEST, WARDEN *v.* COUNTY COURT OF
FREMONT COUNTY ET AL.

(132 P. [2d] 799)

Decided December 28, 1942.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, As-
sistant, for petitioner.

Mr. BERNARD E. MADDEN, for respondents.

Mr. MALCOLM LINDSEY, Mr. RICHARD F. RYAN, Mr.
NATHAN I. GOLDEN, for intervening City and County of
Denver.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

This is an original proceeding in the nature of prohibition in which we issued an alternative writ directed to the county court of Fremont county directing the judge thereof to show cause why the writ should not be made peremptory.

The question involved is whether said county court had jurisdiction to entertain and proceed with a hearing to "discharge," pursuant to the first sentence in section 18 of chapter 105, '35 C.S.A., where the person (Anderson) in whose behalf the petition was filed had previously been committed to the Colorado State Hospital and was being detained in the state penitentiary by executive order under section 27, chapter 105, supra, and who it was alleged had been restored to reason. The City and County of Denver, hereinafter referred to as the city, filed a petition in intervention.

Plaintiff in error filed a motion to strike the petition in intervention. We denied the motion, but granted leave to the city "to answer as advised, failing which, the motion to strike and brief in support will be considered on final hearing." In view of the disposition we make, as will hereinafter appear, no occasion arises for a consideration of the question reserved, nor of the separate contentions of the intervener.

The petition in the county court was filed under section 18, chapter 105, '35 C.S.A., on the theory that Anderson was no longer an inmate of the Colorado State Hospital, and the basis for the theory was a letter written by Dr. Zimmerman to the county court of Denver stating: "This is to advise you that William Anderson, committent No. 59131, who was admitted to this institution February 8, 1938, from your county, has been transferred to the Colorado State Penitentiary at Canon City, Colorado, in accordance with an executive order dated February 12, 1938, and, therefore, has this day been discharged from the Colorado State Hospital."

Upon the filing of the petition, citations were issued in due course, commissioners appointed, a hearing had, and an order entered releasing and discharging the said William Anderson from the penitentiary.

The Attorney General meanwhile filed his motion to dismiss on the ground that the county court of Fremont county had no jurisdiction, reciting that Anderson had been committed by the county court of Denver, that he was simply being detained in the state penitentiary for safekeeping under executive order, and that he had never been discharged from the State Hospital.

 There can be no serious question about the correctness of the position of the Attorney General in the matter. The only ground upon which the superintendent of the State Hospital can discharge an inmate thereof is on restoration to reason, and there is no statement or suggestion of restoration in the letter relied upon. Not only that, but it is not disputed that the State Hospital was still chargeable with the expense of Anderson's maintenance and, according to intervener's exhibit 1, Anderson is still being attended regularly by one of the doctors from the hospital. That the use of the word "discharged" is not fatal was held in *Metaxos v. People*, 76 Colo. 264, 230 Pac. 608; therefore contentions based on the alleged "discharge" must fail.

██ In the case of *In re Rainbolt*, 64 Colo. 581, 172 Pac. 1068, we held that inherently all proceedings, judgments and orders under the act relating to insane persons (chapter 105, '35 C.S.A.) are open to change and modification, on application of any party in interest to the court having original jurisdiction, and where modification is sought, recourse first must be had to such court. This right exists independent of section 18, supra, and is not limited by any expression therein as to venue or other condition. This is made clear in the case of *People v. Musser*, 75 Colo. 257, 225 Pac. 218; consequently the county court of Denver, in which the original jurisdiction on Anderson's mental condition was invoked, had

continuing jurisdiction in the proceeding, and any application for a modification of the original judgment could be made to no other court. The county court of Fremont county had no jurisdiction in the premises and our order, therefore, is that the alternative writ heretofore granted be, and the same hereby is, made absolute.

Mr. Justice Goudy not participating.