## Commonwealth v. Knorr

*Stephen A. Teller*, District Attorney, for Commonwealth.

*Arthur L. Piccone*, for defendant.

PINOLA, P. J., October 17, 1961.—Defendant, Herbert C. Knorr, Jr., has pleaded guilty to the charge of statutory rape committed by him upon Donna Thrash on August 13, 1961. For the same act he is charged with incest.

Section 507 of the Act of June 24, 1939, P. L. 872, 18 PS §4507, reads as follows:

"Whoever commits incestuous fornication, or incestuous adultery, or inter-marries within the degrees of consanguinity or affinity, according to the following table, . . . is guilty of incest, a felony . . ."

The table contains the prohibition that "a man may not marry his sister."

Incest is defined as the inter-marriage, or carnal copulation or sexual intercourse, without marriage, either habitual or in a single instance, between a man and woman related to each other in any of the degrees of consanguinity or affinity within which marriage is prohibited by law. 42 C. J. S. 503.

Court-appointed counsel for defendant argues (1) that defendant cannot be guilty of incest because he is only a half-brother of the girl, and (2) that she is only an illegitimate daughter of his mother.

The father and mother of defendant have been separated for many years. The father is living in adultery with another woman, by whom he has had nine children, and the mother is living in adultery with Fred Thrash, father of Donna. She is, therefore, an illegitimate daughter and the illegitimate half-sister of defendant.

The answer to counsel's first argument was given by Judge Endlich, who held in Commonwealth v. Reigel, 22 Dist. R. 903, that the words "brother" and

"sister" as used in the Act of March 31, 1860, P. L. 382, sec. 39, include the half-blood.

As to the second, while there is no decision in our State, there are many in the appellate courts of other States holding that the fact that one of the parties to the crime was born out of wedlock is immaterial if such party sustains toward the other a relationship within some prohibited degree of consanguinity: 42 C. J. S. 505, §3, and 31 C. J. 377.

In State v. Williams, 124 Wash. 160, 213 P. 921, it was held that carnal intercourse by a father with his illegitimate daughter is incest, the same as if the daughter had been born in lawful wedlock. The same result was reached in Cecil v. Commonwealth, 140 Ky. 717, 131 S. W. 781. See also 10 C. J. S. 105, §23, and 42 C. J. S. 505, §3.

Since the girl was under the age of consent, the same act constitutes both statutory rape and incest. People v. Kaiser, 119 Cal. 456, 51 Pac. 702; State v. Learned, 73 Kan. 328, 85 Pac. 293, and State v. Haston, 64 Ariz. 72, 166 P. 2d 141.

Our statute was intended to apply between persons occupying certain relationships. The blood of the mother of defendant courses through the veins of his half-sister just as it does through his veins. It is because of blood relationship that statutes have been enacted in almost every civilized country prohibiting marriage between certain relatives. "Incest was not an offense at common law . . . It was regarded as an offense against good morals . . . But, aside from any moral consideration, such a practice is shocking to our sense of decency, propriety and good citizenship." Cecil v. Commonwealth, supra.

*Verdict*

Accordingly, October 17, 1961, I find defendant, Herbert C. Knorr, Jr., guilty of incest.