Eugene COOPER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 17, 1964.

Wheeler B. Boone, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Joe Nagle, Asst. Atty. Gen., Charles Calk, Commonwealth's Atty., Lexington, for appellee.

MOREMEN, Judge.

Appellant, Eugene Cooper, was convicted in the Fayette Circuit Court of incest and sentenced to five years' imprisonment.

The prosecuting witness, Marie Cooper, age sixteen, was born during the marriage of appellant to a former wife. She lived with appellant in Lexington on two occasions of about six months each, the first time in 1951 or 1952, and the second in 1962. She testified that appellant is her father and that he had sexual relations with her at their home. The appellant denied that the girl is his child. He testified that his former wife, while carrying the child, had told him the real father was a tenant living on their farm.

Appellant advances as grounds for reversal that (1) the Commonwealth failed to prove the existence of a blood relationship, (2) the written confession of appellant was improperly admitted as evidence and (3) the instructions were erroneous.

The prosecuting witness testified that Cooper is her father. It is argued that the child's statement of parentage is hearsay and not sufficient to establish the relationship. A well known exception to the hearsay rule exists in respect to matters of family relationship and pedigree. Matters of pedigree include facts of birth, paternity and legitimacy. Lindsey's Devisee v. Smith, 131 Ky. 176, 114 S.W. 779. See also Hagedorn v. Reiser, 310 Ky. 657, 221 S.W.2d 633. In addition appellant admitted that the child was born in wedlock —thus a strong presumption of legitimacy arises. Gross v. Gross, Ky., 260 S.W.2d 655. Although rebuttable, this presumption requires strong evidence to overcome it and certainly the uncorroborated statement of appellant that his wife told him another man was responsible for her pregnancy is not sufficient. It must be noted in this connection, however, that the evidence required to rebut this presumption of parentage need not be as strong as that required to rebut legitimacy for the purposes of inheritance. Maxey v. Commonwealth, 225 Ky. 663, 9 S.W.2d 1001. We are of opinion that the evidence offered by the Commonwealth was sufficient to permit the issue of blood relationship to be submitted to the jury.

Appellant next contends that his written confession was improperly admitted into evidence. He claims that at the time he made it he was under such physical, mental and emotional strain as to render his confession one obtained under mental duress. The trial court properly held a hearing in chambers relative to whether the confession was a valid one under the terms of KRS 422.110. There was an abundance of evidence to show that appellant's statement was voluntarily given. We believe

the trial court correctly decided that it was admissible in evidence.

Finally it is contended that the instruction given was erroneous. Appellant was indicted under KRS 436.060. This reads:

"Any person who carnally knows his or her father, mother, child, sister or brother, knowing such a relationship to exist, shall be confined in the penitentiary for not less than two years nor more than twenty-one years."

The instruction given by the court reads:

"If the jury believe from the evidence in this case, to the exclusion of every reasonable doubt, that the defendant, Eugene Cooper, in Fayette County, Kentucky, and before the finding of the indictment herein, did carnally know Marie Cooper, his daughter, knowing such relationship to exist, you will find the defendant guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary for a period of not less than two nor more than twenty-one years, in your discretion."

In addition a reasonable doubt instruction was given.

The instruction for the most part is substantially in the words of the statute and generally this is sufficient. Cecil v. Commonwealth, 140 Ky. 717, 131 S.W. 781. However, there is a grievous mistake in the instruction in that it definitely designates Marie Cooper as being the daughter of appellant when it states "did carnally know Marie Cooper, his daughter." The appellant had raised the issue as to whether she is in fact his daughter. The instruction states that she is. This was error because the court definitely eliminated the issue as to parentage.

The form given in 3 Stanley, Kentucky Instructions to Juries, sec. 974, correctly submits all of the issues which have ap-

peared in this case and upon a new trial, if the evidence and issues are approximately the same, a similar instruction should be given.

Judgment reversed.