# CHARLESTON.

## BRATT *v.* CORNWELL.

Submitted June 11, 1909.   Decided January 31, 1911.

1. BASTARDS—*Bastardy Proceeding—Review.*

   A bastardy proceeding is a civil case, from its very nature involving a matter in controversy of greater value or amount than one hundred dollars, and may be appealed by the prosecutrix when dismissed erroneously.

2. SAME—*Bastardy Proceeding—Failure to Enter Formal Order of Continuance—Effect.*

   A failure, at any term, to enter a formal order of continuance in a bastardy case does not operate as a discharge of the accused or the release of his recognizance.

3. SAME.

   The last clause of point 2 of the syllabus published in *Billingsley* v. *Clelland*, 41 W. Va. 234, is not the law of this state, since decision in that case was by an equally divided court.

Error to Circuit Court, Preston County.

Action by Matilda Bratt against W. M. Cornwell.   Judgment of dismissal, and plaintiff brings error.

*Reversed and Remanded.*

*Neil J. Fortney,* for plaintiff in error.

*P. J. Crogan,* for defendant in error.

ROBINSON, JUDGE:

Matilda Bratt instituted proceedings in bastardy against William Cornwell, and the accused entered into the required recognizance in the penalty of $350 for his appearance at the next term of the circuit court of the county, there to answer the charge and to abide by and perform the order of the court in relation thereto.   At the term of court at which the accused was thus bound to appear, no proceedings were had in the case. And no order continuing the case was made by the court at that term.   At a subsequent term the court held that the accused had been discharged by the failure to make an order

continuing the case, and adjudged that the case be dismissed. The prosecutrix by this writ of error complains of that dismissal.

There is a motion to dismiss the writ of error as improvidently awarded. It is argued that there is no jurisdiction for appeal—that the case does not come 'within the description of any of those as to which an appeal or writ of error shall lie to this Court. We must overrule this motion. Cases in bastardy under our statute, though criminal in form, are in effect civil suits. Bastardy cases are usually so considered. Hogg's Treatise and Forms, section 798; Hutchinson's Treatise, section 1493; *Swisher* v. *Malone,* 31 W. Va. at page 446. Then, does the case involve a greater amount than one hundred dollars? We hold that it does. The amount which a plaintiff claims is usually the criterion for appeal in his behalf. It is true the proceedings in a bastardy case do not demand a particularly stated amount. It happens that the form of those proceedings as fixed by the statute does not call for the allegation of an amount claimed on the part of the complainant. The support of the child, by such annually paid sums and for such term of years as the court shall order, is sought. In advance of the judgment we cannot say what that will amount to. But we do observe that the recovery of more than one hundred dollars in this particular is contemplated by the statute. We know judicially that the reasonable maintenance of a child, less than three years old, for a term of years, until it may be apprenticed or be able to support itself, amounts to more than that sum. We know from the character of the case that the complainant seeks a judgment for the support of the infant in excess of that sum. It affirmatively appears from the record —from the very nature of the case disclosed by the record—that such an amount is in controversy. Complainant's suit has been dismissed, and she has been cut off from prosecuting a statutory proceeding by which she may obtain judgment on behalf of the child for a thing which, in reason, sense, and experience, must be of more value than the amount necessary to entitle her to the jurisdiction of this Court on writ of error from that dismissal. It would be extremely technical to deny her the right of appeal.

Did the failure of the court to enter an order continuing

the case operate as a discharge of the accused? It is insisted that this question is foreclosed by the decision in *Billingsley v. Clelland,* 41 W. Va. 234. It is true that there is dictum in one of the opinions in that case, answering the question in the affirmative, and that a point of the syllabus has been published therein accordingly. But decision of that case was by an equally divided court. Therefore it is not a binding precedent. A reading of the opinions in the case shows that a majority of the Court could not have concurred in the syllabus which has been improperly published in the reports. Besides, we cannot approve the dictum therein that a bastardy case must be continued by order entered of record, to keep the case alive and the recognizance of the accused in force. Judge BRANNON, who concurred in the result reached by the opinion in which that dictum appears, is satisfied that it is not sound. The point at any rate was not vitally necessary to a decision of that case. It was not directly involved therein. That case was not a bastardy proceeding.

The plain, common sense view of the meaning of our statute is that the initial recognizance in a bastardy case is to continue in force until final judgment, unless a new recognizance is required and given, or the accused is committed to jail because he fails to give the new recognizance required. Note the language of the statute: "Should the court continue the case at the first or any subsequent term, the recognizance shall continue in force until the final judgment, unless the accused, if a new recognizance be required, shall give the same or be committed to jail." Code 1906, chapter 80, section 2. Shall we give this section a mere technical construction? No, rather let us give it that which comports with the practical scope and purpose of the proceedings to which it relates. In bastardy the accused is proceeded against by warrant and arrest. He is taken into custody. He may then give a recognizance for his appearance to answer the charge. That recognizance is intended to take the place of actual custody of the accused until the disposition of the case is reached. Its evident purpose is to hold the accused for trial and judgment. Is there reason for saying that the law means to relieve him from the holding to answer the charge on a mere failure to continue the case by a formal court order? Why believe that it was intended to discharge

him from the prosecution upon so slight a ground, and thus defeat the purpose of the proceedings against him? Plainly the object sought by the recognizance is his appearance to answer the charge whenever the case can be reached. Shall we not view this section of the statute so as to attain that object? Is it right to defeat the real object of the recognizance by a strict and technical construction? Our law-makers, by the section we have quoted, meant the recognizance to hold the accused as long as no final judgment was entered. They meant that if the case went over at any term, the recognizance should require him to appear at the next, and so on until final judgment. They meant to hold the accused, not to discharge him on mere failure to make an order in the case. When they used the words, "should the court continue the case", they clearly meant "should the case go over to another term". Ordinarily we so speak of continuances of causes. When we say a case in court was continued, we do not usually mean to assert that a formal order of continuance was entered. We mean that it went over for future disposition. Our statutes make formal orders of continuance unnecessary in both civil and criminal cases. Code 1906, chapter 114, section 12; chapter 158, section 23.

The Ohio decisions, cited in the case of *Billingsley* v. *Clelland, supra,* to support the claim that the accused must be discharged when an order of continuance is not entered at a term, are not binding authority with us. Besides, the Ohio statute on which they are based, is different from ours. It provides that "the court may order a continuance of the cause, and such continuance shall operate as a renewal of the recognizance." That statute expressly refers to an order of continuance. Ours does not. Our law simply says that the recognizance shall continue in force if the court continues the case "at the first or any subsequent term." It does not dwell on the matter or manner of continuances. Its gist is the extension of the recognizance. It plainly means that if the case is not finally disposed of at the first or any subsequent term, the accused shall still be held to answer by his recognizance. Again we say, this section was made to keep the recognizance in force, not to defeat it. The statute does not say how the court shall continue the case. The case

is surely continued by the court when it fails to make an order in it at a term.

In the case at hand the recognizance of the accused for appearance to answer the charge is still in force. The court improperly dismissed the proceedings. That dismissal is reversed, and the case remanded for further order.

*Reversed and Remanded.*