# CHARLESTON

## DENT v. McDougle.

Submitted January 19, 1915. Decided February 2, 1915.

1. BASTARDS—*Complaint—Continuance of Proceedings—County.*

Although the complainant in a bastardy proceeding, has signed and acknowledged a paper, avowing misapprehension under which she made the complaint and lack of intention to make it, releasing the accused from all claims of every kind and character that she might or could allege against him, on account of his paternity of her child, and directing the warrant to be returned, and caused the same to be filed in the circuit court, with the warrant and complaint, that court has jurisdiction, by virtue of sec. 3 of ch. 80 of the Code, serial sec. 3929, to order the proceedings to be had in the name of the county court of the county. (p. 590).

2. SAME—*Continuance of Proceeding in Name of County—Merits.*

Such order is purely preliminary in character and does not affect the merits of the proceeding. (p. 591).

3. SAME—*Proceedings—Jurisdiction of Justice.*

The jurisdiction of the justice, in such a proceeding, is purely initiative and does not extend to any matter affecting the merits, wherefore he cannot, in the course thereof, either expressly or impliedly, pass upon a question of compromise or satisfaction of the claims or demands of the complainant, and the circuit court is not bound to do so, until after it has determined preliminary questions relating to the form and status of the case. (p. 591).

Petition by E. S. Dent for a writ of prohibition against Honorable Walter E. McDougle, Judge of the Circuit Court of Wirt County, and another, to restrain him from proceeding with the trial of a bastardy proceeding.

*Writ denied.*

*Willie Fought,* and *J. W. Martin,* for petitioner.

*C. N. Matheny* and *Smith D. Turner,* for respondents.

POFFENBARGER, JUDGE:

The defendant in a bastardy proceeding seeks a writ of

prohibition to prevent further prosecution of the charge, on the grounds of compromise with the prosecutrix, or dismissal by her, and non-intervention by the county court of the county.

The mother of a bastard child, after having accused him of the paternity thereof, and caused a warrant for his arrest to be issued, on the 30th day of July, 1914, signed, sealed and acknowledged a paper, called a "memorandum," on the 3rd day of August, 1914, in which she declared she had signed and sworn to the complaint under a misapprehension and had not intended, by making the same, to institute a bastardy proceeding, and directed the warrant to be withdrawn and the proceeding to be discontinued. Said paper purports also to release the accused of all claims she may have against him on account of his paternity of the child, for a valuable consideration, but without indication as to what constitutes such consideration. On the 7th day of August, 1914, the officer to whom the warrant had been delivered returned the same unexecuted, together with the release and agreeably to the direction therein given. Later, the warrant was again placed in his hands and executed on the 7th day of September, 1914, when the accused entered into the statutory recognizance which, together with the complaint, warrant and release, was transmitted and delivered by the justice to the clerk of the circuit court of the county, who docketed the proceeding in the usual way.

The petition avers that, after the return of the warrant unexecuted, the county court, upon a request made to it, to assume the prosecution of the charge, declined to do so, but the return substantially denies the making, by said court, of any order of refusal to prosecute, and exhibits a certificate of the clerk, saying there is no record in his office of any action in any bastardy case against the accused.

When the case came up on the docket of the circuit court, the girl was not in court, but an attorney, claiming the right to do so, appeared for her and charged the defendant with having induced her absence. His authority to appear for her was not questioned at the time, but the infancy of the girl was admitted and the defendant, relying upon his compromise with her, denied that he had kept her away from court. He was there, in discharge of his recognizance, which, together

with the complaint, warrant and "memorandum," were before the court. He made no motion for discharge or dismissal, nor did he plead or prove. any unwillingness of the county court to prosecute. In view of the absence of the complaint and the presence of the memorandum, the court entered, over the objection of the accused, an order directing the prosecution to proceed in the name of the county court, and he excepted to the entry thereof.

By the filing of the complaint and issuance of the warrant, the proceeding was instituted. The jurisdiction of the justice, as in felony cases, was limited to the initiation thereof. To try and determine, he had none. Nor was it within his province to say what constitutes a valid compromise, discharge or dismissal. His function is prescribed by the statute and limited to the examination of the complainant under her oath, reduction of the examination and complaint to writing, the taking of her signature, issuance of the warrant, requirement of a recognizance in a prescribed amount and transmission of the papers to the circuit court, the last named duty arising by necessary implication. All of these duties are substantially, if not wholly, ministerial. Nowhere does the statute authorize him to enter any final order in the proceeding. It being purely statutory, the statute is the measure and limit of his jurisdiction.

Finding the proceeding on its docket in conformity with the statutory provisions authorizing it, the circuit court had jurisdiction vested in it by sec. 3 of ch. 80 of the Code, serial sec. 3929, namely, to order it to be had in the name of the county court, and that is all that has been done. No order affecting the merits thereof has been entered. To vest such jurisdiction in the circuit court, no previous order of the county court, authorizing prosecution in its name, is necessary, for the statute does not, in terms nor by implication, require it. The section reads as follows: "After such accusation shall have been made, proceedings thereupon may be had in the name of the woman or, if the court so order, in the name of the county court." The statute assumes willingness on the part of the county court to prosecute, until the contrary appears, at least. The order so authorized having been made,

the validity or effect of the alleged compromise comes up later in the progress of the case.

That the circuit court is the tribunal upon which said sec. 3 confers authority to order the proceedings to be had in the name of the county court is perfectly manifest. That court and no other has jurisdiction of the proceeding. It would be inconsistent with the general provisions and spirit of the chapter to say the county court has jurisdiction to determine whether the proceeding in the circuit court shall be had in the name of the complainant or in its own name, for the question necessarily arises in the latter court. Before the county courts were deprived of their jurisdiction to try causes, bastardy proceedings were conducted in them, Acts 1872-3 ch. 50, and sec. 3 of that chapter provided that the proceedings should be in the name of the woman or of the overseers of the poor. By ch. 54 of the Acts of 1882, the jurisdiction was vested in the circuit courts and, of course sec. 3 of that act, amending the same section of the old act, confers jurisdiction upon the circuit courts as other sections thereof do.

This conclusion does not imply any obligation on the part of the county court to prosecute, nor deny its power to obtain a dismissal. Nor does it in any way predetermine the effect of the alleged compromise. Nothing is now decided except that the circuit court had authority to determine that the proceedings shall be conducted in the name of the county court. What course the proceedings shall take in its name depends upon the future attitude and action of the interested parties, their motions, pleadings and evidence.

Agreeably to this conclusion, the prayer for a writ of prohibition will be denied and the writ refused.

*Writ denied.*