# CHARLESTON.

STATE *ex rel.* AMELIA WRIGHT, *v.* OSCAR L. BENNETT.

Submitted February 28, 1922. Decided March 7, 1922.

1. BASTARDS—*Nonsupport Statute Furnishes Cumulative Remedy in Determining Paternity and Compelling Support.*

   Notwithstanding the provision made in ch. 80 of the Code, for determination of paternity of illegitimate children and

provision for their support, a cumulative remedy therefor is provided in secs. 16c (1) to 16c (8) of ch. 144 of the Code, commonly known as the nonsupport statute. (p. 479).

2. SAME—*Order Requiring Defendant to Support Child Cannot be Made Solely Upon Complaint, Warrant, and Proof of Nonsupport.*

In a proceeding under the provisions of chapter 144 of the Code, against the putative father of a bastard child, primarily to punish him for wilful neglect of the child and refusal to support it and incidentally to compel him to provide for its support, the court cannot properly make an order requiring him to support it pending the proceeding, solely upon the complaint and warrant supported by proof of nonsupport. To obtain such an order, the complainant must file a petition therefor in the proceeding, and give the defendant notice thereof and afford him an opportunity to resist the application by appropriate pleadings and proof, as in a civil action. (p. 481).

3. SAME—*In Proceeding for Nonsupport Illegitimate Child Defendant Entitled to Jury Trial on Issue of Paternity Unless Waived, and Court Cannot Award Support Pendente Lite in Absence of Such Waiver.*

If, upon such petition, an issue is made as to the paternity of the child, the defendant is entitled to a trial thereof by a jury, unless waived, and the court cannot properly award support *pendente lite*, in the absence of such waiver, unless nor until such issue has been determined against the defendant, by the verdict of a jury. (p. 482).

4. SAME—*In Proceeding for Nonsupport of Illegitimate Child Where Relationship is Expressly Admitted, or Not Denied, the Court May Order Temporary Support.*

If, however, in any case arising under said statute, the relation between the defendant and the person or persons who are alleged in the petition to be entitled to their support from him, is expressly admitted or not put in issue by a denial thereof, the court, upon its own finding and judgment as to what sum should be paid by him for temporary support, may award it against him and enforce payment thereof. (p. 483).

Error to Circuit Court, Mercer County.

Proceeding by the state on the relation of Amelia Wright, against Oscar L. Bennett for the nonsupport of an illegitimate child and being denied a jury trial, on question of paternity of the child, the defendant brings error.

*Reversed and remanded.*

90 W. Va.

*James S. Kahle,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for defendant in error.

POFFENBARGER, PRESIDENT:

On complaint filed and warrant issued under the provisions of secs. 16c (1) to 16c (8), inclusive of ch. 144 of Barnes' Code of 1918, commonly known as the nonsupport statute, the plaintiff in error was arrested, prosecuted and convicted of the paternity of an illegitimate child. On his arraignment in the Circuit Court of Mercer County, he demurred to the complaint and warrant and moved to quash them, and later, the motion having been overruled, he entered a plea of not guilty on which issue was joined. Thereafter, a continuance having been refused, he demanded a trial by jury, which was denied him. To all of these adverse rulings he excepted.

On the inquiry conducted by the court, he was found and held to be the father of the child, required to pay $4.00 per week to its mother, pending an inquest by the grand jury, at the next term of the court, and compelled to enter into a recognizance in the penalty of $500.00, and with condition to appear on the first day of such term, to answer such indictment as should be found against him. The basic issue in the inquiry conducted by the court was that of the paternity of the child then about two and a half years old. The accused had never been charged with such paternity in any proceeding under the bastardy statute, ch. 80 of the Code.

Although the statute under which the proceedings here narrated and complained of, authorizes prosecution of any parent who shall, without lawful excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her legitimate or illegitimate child or children, under the age of sixteen years, in destitute or necessitous circumstances, it makes no express provision for determination of the question of paternity, in any instance in which the accused is a man and the child illegitimate and the former

denies the relation of parent. Apparently assuming the existence of the status of parent, it makes non-support of the child a criminal offense and incidentally provides means of coercing support of the child by the parent. In the cases of legitimate children, the parentage is so notorious and so readily susceptible of establishment that it is not often denied. In the cases of illegitimate children, the paternity, unless judicially established in a proceeding under the provisions of ch. 80 of the Code, is nearly always denied. A vital and basic inquiry in this case is whether the non-support statute contemplates a proceeding against a man for failure to support an illegitimate child whose paternity he denies and of which he has never been convicted under the bastardy statute and in the manner provided by it.

But for the rule of evidence prescribed in sec. 16c (6) of the act, it would be difficult, if not impossible, consistently with the rules of interpretation and construction, to bring cases of this kind within its provisions. Serious consequences ensue upon the fixing of paternity of an illegitimate child upon a citizen: It affects his liberty, his estate and his earnings. That subject has been governed for many years by a statute, conferring the right of jury trial and carefully safeguarding the rights of the accused as well as those of the prosecutor. Code, ch. 80. In the act now under consideration, there is no express repeal of that statute.

However, in the enactment of ch. 80 of the Code, the Legislature did not exhaust its powers over the subject and its authority to provide additional remedies for the same wrong, making the new ones cumulative, is incontrovertible. Intent to do so in this instance is clearly indicated by the terms and provisions of the act, when read and considered together. The first section includes parents of children whether legitimate or illegitimate. Section six plainly contemplates trial of the issue of paternity of illegitimate children. It prescribes a rule of evidence to govern in proving that the defendant is the father or mother of "such child or children." These terms necessarily include both classes of children, legitimate and illegitimate. Though the issue

of relationship is more frequently raised in cases of paternity of illegitimate children, than in those involving maternity and the marital relation, it is easy to perceive that it may be just as vital and important in the other classes of cases. There may be efforts to charge men with the support of women as their wives, who are not their husbands, and women, as mothers of children, who are not their mothers. Imposters and pretenders may break into proceedings of the kind provided for by this statute, as well as others. Hence, if any exception is to be made, from its operation, it must be based upon the relative frequency or infrequency of the occurrence of issues as to the relationship charged and the fact that there is an additional and preexisting statutory remedy for one class of the cases it includes, not applicable to any of the others. This would be a flimsy and insufficient ground upon which to base it. Express terms in a statute do not often yield to implications, and never do unless they are so strong that the contrary thereof cannot reasonably be supposed. *First National Bank* v. *DeBerritz,* 87 W. Va. 477. Implied exceptions must be based upon very substantial presumptions. This statute does not innovate upon any right conferred by ch. 80 of the Code. It violates no established and recognized principle of public policy. It is susceptible of a construction that will avoid conflict with any of the constitutional limitations of legislative power. No ground is perceived, therefore, upon which the import of its terms respecting the classes of cases to which it applies can be cut down or restricted in meaning.

But it must be interpreted and applied in conformity with legislative intent and purpose. It does not in terms nor by necessary implication authorize dispensation with the procedure ordained by the constitution and statutes, for the government and regulation of trials, findings and judgments, in actions and proceedings instituted in the courts, for imposition of civil and criminal liability. It assumes that the courts, in administering it, will take notice of the modes of trial of such issues and adopt them. In so far as conviction of a criminal offense is sought, there must be an indictment and trial by jury, if the latter is not waived,

as it may be in some cases. If establishment of civil liability is sought and properly denied, there is likewise right of trial by jury. In giving a civil remedy or creating a criminal offense, the Legislature is, not bound to repeat in the act the constitutional guarantees and statutory provisions for trial. It is the duty of the courts to look beyond such acts for the procedure found in other parts of the law, except in so far as it is provided in the act. *Fisher* v. *Somerville,* 83 W. Va. 160; *State* v. *Harris,* 88 W. Va. 97.

The statute contemplates a preliminary hearing on the warrant, if not waived, indictment and trial by jury. The prosecution is one for a criminal offense, with incidental power in the court, to give civil relief in certain forms, both before trial and after conviction. Primarily, the proceeding is a criminal one. The civil liability is collateral and incidental in character. After conviction, punishment may be avoided by performance of the omitted duty, but that does not alter the nature of the proceeding. Before conviction and pending the proceedings by indictment and trial, the court may make such order "as may seem just," for support. This, too, is collateral and incidental. The plea of not guilty entered to the indictment, when found, puts in issue the act made criminal by the statute, wilful desertion and failure or refusal to support the dependent party. That issue, of course, includes the narrower, though basic one, of relation, which may or may not be raised in the evidence on the trial. Ordinarily it is not, except in cases of alleged paternity of illegitimate children, but it is involved and may become actual in all of the other classes of cases. If that is the vital issue in any case, as it is here, the accused is entitled to have it determined by a jury, whether it is involved in the civil side of the case or the criminal side. Intention on the part of the Legislation to make any citizen, male or female, civilly liable for perhaps hundreds of dollars in the form of support *pendente lite,* otherwise than by the verdict of a jury, when the relation is properly denied, can no more be assumed nor indulged, than intention to impose criminal liability without such trial.

For the purposes of award of support *pendente lite*, that issue does not arise solely upon the complaint and warrant. There must be a petition, with notice to the defendant of the filing thereof, to which he has right to make defense. In many cases, the relation charged in the petition is not and cannot be denied. If it is not, the court may award the temporary support, if, under all the circumstances, justice requires it, and in such an amount as is just. Failure to deny the relation or an express admission of it amounts to a confession of the cause of action alleged in the petition. It also confesses a relation which in law imposes the duty to render support. But, if it is denied, the situation is altogether different. The inquiry then arises, in the construction of the statute, whether support *pendente lite* can be awarded at all.

Postponement of all pecuniary relief, until after indictment, trial, conviction and final judgment, would often work great hardship. There may be necessary continuances, mistrials and appellate proceedings, carrying the controversy over a long period of time, and, in that way, the plainly manifest purpose of the Legislature, to compel the rendition of support, may be almost entirely defeated. While in a legal sense, the main proceeding is criminal, its practical purpose is to coerce husbands and parents into the rendition of necessary support of wives and children, both before and after conviction of the accused. Sec. 3 of the act gives the prosecutor the right to come into court for *pendente lite* support, and empowers the court to award it. Its inability to try the issue of relationship, if made on the petition, without a jury, does not necessarily preclude such relief. The section of the act providing the remedy is silent as to the mode of trial. Not a word in it can be construed as necessarily inhibiting power in the court to impanel a jury for trial of such an issue and let it render a verdict, in such collateral proceeding, upon which the award or denial of the relief sought shall depend. And the prescription of a rule of evidence, by section 6, limited to the issue of relationship, is strongly suggestive of legislative contemplation of two issues, one governed by the rules

of evidence applicable in civil cases and the other by the rules applicable in criminal trials. Such power in the trial court is necessary to full realization of the legislative purpose as disclosed by the general scope of the act and also by sec. 3, thereof. Generally, it contemplates support of a more or less permanent character. As to temporary support, sec. 3 confers jurisdiction and power upon the court to award it, and right upon the complainant to come in and ask for it, by petition. Notice to the defendant is required in order to give him an opportunity to defend. Parties to an informal civil proceeding are thus provided, with power in the court to hear and determine the controversy and award relief, upon the basis of justice as disclosed by the circumstances. In this, there is no exception of any case brought within the scope of the act, nor any limitation upon the court's powers. Temporary support is as clearly within the intent of the Legislature as permanent support. Power to award the latter is conferred in terms very similar in import to those in which authority is given to allow the former. Grant of power to make the allowance in term or in vacation does not preclude the construction here given the statute. A jury trial in vacation could hardly have been intended, but, in the great majority of the cases, there is no occasion for such a trial, for the relation is not denied. The meaning of the phrase, ''the court or a judge thereof in vacation,'' is that the order may be made in term or in vacation, according to situation of the parties, the issues developed and the circumstances disclosed. If an issue as to the relation is made by allegation and denial, the question should be determined in term, by a jury unless waived, and the order then made, or in vacation, according to the convenience of the court and parties. Otherwise, it may all be disposed of either in term or in vacation. The jury trial here suggested and held to be within the contemplation of the act will not in any way affect such a trial on the criminal charge preferred by the indictment. It determines the relationship only provisionally and for the purposes of award of temporary support. Moreover, the parties are different in the two trials. Our conclusion is that, in this

case and others of its class, a temporary order awarding support *pendente lite* cannot properly be entered until after determination of the issue as to the relation of the parties, by a jury trial, if not waived, nor otherwise than upon a petition filed by the complainant, praying for such relief, and notice to the defendant, of the filing thereof.

In this proceeding all of the steps prescribed by the statute for determination of the right to temporary support were omitted. No petition was filed. The defendant had no notice of an application for award of such support. He was not accorded the right of trial by jury, of the issue as to paternity of the child. The trial he had on the complaint and warrant was not such a one as the statute contemplates, except in so far as it may answer the purposes of a preliminary examination. His demurrer to the warrant and complaint and motion to quash them were properly overruled. Both papers follow the forms prescribed by the statute. As the entire proceeding, in so far as it relates to the award of temporary support, was irregular and erroneous, it is unnecessary to enter upon any inquiry as to the propriety of the rulings on the motion for a continuance and the demand for a trial by jury.

The judgment complained of will be reversed, except in so far as it required the defendant to enter into a recognizance to answer such indictment as should be found against him, and the case remanded.

*Reversed and remanded.*