STATE *ex rel.* IMOGENE COTTRILL, *plaintiff, v.* REX JARVIS, *defendant.*

(No. 8895)

Submitted September 26, 1939. Decided October 17, 1939.

*S. P. Bell,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

MAXWELL, JUDGE:

(On the record and briefs this case is improperly styled Rex Jarvis, plaintiff, vs. Emogene Cottrill, defendant. In the heading hereof we are styling the case as it should be, and in the opinion Imogene (not Emogene) Cottrill is referred to as plaintiff and Rex Jarvis as defendant.)

This is a bastardy proceeding wherein on November 18, 1937, Rex Jarvis was adjudged, under jury verdict, to be the father of an illegitimate male child born to Imogene Cottrill April 29, 1937. As part of the order carrying the

adjudication of guilt, the court ordered that Jarvis pay to the mother of the child for its use and benefit the sum of five dollars per month, beginning November 20, 1937, and continuing until the child shall attain the age of sixteen years, unless it sooner die. It was further required of Jarvis that he execute and deliver to the clerk of the court a bond with good and solvent security conditioned for the faithful and prompt payment of the amounts adjudged against him. In default of bond the defendant was committed to jail. On this writ of error there is involved only the trial court's refusal to discharge the defendant from custody under his petition filed in August, 1938.

It appears that after being committed to jail in November, 1937, he remained there until in the month of June, 1938, a period of about eight months; that between that date and the twenty-fifth of November, 1938, he was relieved from custody part of the time; that on the latter date, after hearing evidence on his petition for release, the court declined to release the defendant from imprisonment and remanded him to jail; that he has neither property nor income and, by reason of being in jail, is unable to earn any money; that because of his long detention, his health is becoming impaired, as is indicated in part by a substantial loss of weight.

By her answer to the defendant's petition, the plaintiff denies that he is sick, and asserts that he is a strong and healthy man and is able to comply with the court's order in the bastardy case. Also, she alleges that he is able to give bond if he desires to do so. However, she offers no evidence to support these averments.

The bastardy statute provides that a defendant who has been adjudged guilty be required to furnish bond for faithful discharge of the payments exacted of him by the court, and the court shall "order him to jail until such bond be given in the court or filed in the office of the clerk thereof, with sufficient sureties to be approved by the court or clerk, or until the woman and the county court consent to his discharge, or until he be discharged

by an order of the circuit court, the court being satisfied that the prisoner cannot pay the judgment of the court or give the bond required * * *." Code, 48-7-4.

From the record we are driven to the conclusion that it is a vain and useless thing to hold this man longer in jail, because he has no way at the present of making payment under the court's order, and he has been wholly unable to procure anyone as surety on a bond for him. A progenitor in bastardy may not on account thereof be imprisoned indefinitely. A bastardy proceeding is civil, not criminal. *Bratt* v. *Cornwell*, 68 W. Va. 541, 70 S. E. 271. Incarceration is not for punishment, but for the purpose of enforcement, if possible, of the court's order for payment of money toward the maintenance of the child, to the end that it may not become a public charge. Inasmuch as the petitioner at bar has been in jail for many months, and there is nothing in the record to indicate that further deprivation of liberty at this time will in any manner further the interest of the child, its mother or the public, we are of opinion that the trial court, at the November hearing, 1938, should have discharged the petitioner from custody until such later time as a different showing might be made.

The difficulties with which the trial court was confronted in this case were accentuated by the fact that the child involved in the bastardy proceeding hereinbefore discussed is the third illegitimate child born to this woman and this man. In 1933, in a bastardy proceeding, he confessed paternity of the first child, and a court order was entered requiring him to pay five dollars per month toward the maintenance of the child. Bond in the penalty of five hundred dollars was executed with his father as surety. In 1936, he entered a plea of guilty under an accusation of non-support of the second child. In that case, also, he was required by the court to pay five dollars per month on account of the child and to execute bond in the penalty of five hundred dollars. With his mother as surety, he entered into the bond so required. In April, 1938, the sureties on the two bonds were relieved,

at their request, by order of the court from further liability thereon. Subsequently, they have steadfastly refused to become surety for their son.

The unfortunate situation presented by the facts hereinabove recited makes it imperative that the defendant, to the limit of his ability, contribute toward the maintenance of these children, and for that purpose the three cases stand open for such further action therein as to the circuit court may seem proper, subject to review. By our decision herein we go no further than to hold that the showing made by the defendant on his petition for release from custody was such that discharge should have been accorded him.

For reasons stated, we reverse the circuit court's order of November 25, 1936, and remand the case for further proceedings.

*Reversed and remanded.*