SARAH HOLMES

*v.*

CARL RAYMOND CLEGG

(CC 736)

Submitted April 6, 1948. Decided May 18, 1948.

KENNA, JUDGE, concurring.

*Ira J. Partlow*, Attorney General, and *J. Chandler Curd*, Assistant Attorney General, for plaintiff.

*Walter F. Ball* and *Ronald R. Hassig*, for defendant.

LOVINS, JUDGE:

The Circuit Court of Tyler County having sustained a demurrer to defendant's second amended special plea, hereinafter called "plea", on joint application of the parties certified its ruling to this Court.

Sarah Holmes, the plaintiff herein, on October 4, 1938, made a sworn written complaint before a justice of the peace of Tyler County, West Virginia, that she was an unmarried woman, residing in that county; that on October 6, 1937, she was delivered of a male bastard child; and that the defendant, Carl Raymond Clegg, was the father of said child. On the same day, the justice issued a warrant directed to any constable of Tyler County, commanding that defendant be apprehended. The warrant was sent to an officer in New Martinsville, in Wetzel County, West Virginia. Defendant was not apprehended, and on a date not disclosed by the record, the warrant was returned to the justice.

So far as shown by the record, no further action was taken by plaintiff until April, 1946, when she went before the same justice who had issued the above-mentioned warrant, and caused another warrant to be issued for defendant, charging him with nonsupport of the same child mentioned in the bastardy warrant. Defendant was arrested under the nonsupport warrant, and taken before the same justice, who found defendant guilty of the charge of nonsupport. On appeal to the Circuit Court of Tyler

County, the prosecution for nonsupport was dismissed on motion of the prosecuting attorney of that county.

The justice, having retained in his possession the original bastardy warrant, on or about the 15th day of November, 1946, "reissued" the warrant, dated the 4th day of October, 1938. Whether the justice placed the original warrant in the hands of an officer to be executed, or whether he wrote a new warrant is not clear. At any rate, the defendant was apprehended on the "reissued" warrant, and was taken before the justice, where he was held for his appearance before the Circuit Court of Tyler County.

Defendant on his appearance in the circuit court filed the plea above mentioned, alleging the facts hereinabove stated. Plaintiff demurred to that plea.

The demurrer having been sustained, as above stated, the trial court certified two questions to this Court which, in substance, are as follows: (1) The facts set forth in the plea, alleged by way of conclusion, do not constitute an abandonment of this proceeding; and (2) the facts pleaded do not bar the prosecution of this proceeding.

The initiation and determination of a bastardy proceeding are provided for in detail by Code, 48-7. There was no remedy at common law to compel a putative father of an illegitimate child to support it. *People* v. *Snell* (N. Y.), 111 N. E. 50. A bastardy proceeding is a civil rather than a criminal proceeding, although a warrant is authorized by statute. *State* v. *Easley,* 129 W. Va. 410, 40 S. E. 2d 827. The purpose of such proceeding is to prevent the child from becoming a public charge, and to compel the father to maintain and support it for such period as may be fixed by the court. *State* v. *Easley, supra; State ex rel.* v. *Jarvis,* 121 W. Va. 496, 5 S. E. 2d 115; *Waters* v. *Riley,* 87 W. Va. 250, 104, S. E. 559; *Bratt* v. *Cornwell,* 68 W. Va. 541, 70 S. E. 271. The issue in a bastardy proceeding is whether the defendant is the father of the child. *State* v. *Easley, supra; Swisher* v. *Malone,* 31 W. Va. 443, 446, 7 S. E. 439. A justice has no authority to resolve that issue.

His power and authority are aptly described in the following language: "His function is prescribed by the statute and limited to the examination of the complaint under her oath, reduction of the examination and complaint to writing, the taking of her signature, issuance of the warrant, requirement of a recognizance in a prescribed amount and transmission of the papers to the circuit court, the last named duty arising by necessary implication. All of these duties are substantially, if not wholly, ministerial. Nowhere does the statute authorize him to enter any final order in the proceeding. It being purely statutory, the statute is the measure and limit of his jurisdiction." *Dent v. McDougle,* 75 W. Va. 588, 590, 84 S. E. 382.

Statutory provisions applicable to the proceeding read as follows: "Any unmarried woman may go before a justice of the county in which she resides and accuse any person of being the father of a bastard child of which she has been delivered. Such justice shall examine her under oath, and reduce her examination to writing and sign it. On such examination, unless the child be three years old or upwards, the justice shall issue a warrant, directed to the sheriff of, or a constable in, any county where the accused may be, requiring him to be apprehended and taken before a justice of the county in which he may be found; and it shall be the duty of such justice to require the accused to enter into a recognizance, * * * conditioned for his appearance at the next term of the circuit court of the county in which such warrant issued, * * *." Code, 48-7-1. It will be observed that a warrant issued under the above-quoted statute may be served in any county of this State where the accused is found, and that in such county he may enter into a recognizance, conditioned for his appearance at the next term of the circuit court of the county where the warrant was issued.

In the instant case the complaint and issuance of the warrant thereon were timely, the child having been born approximately one year prior to the date on which the complaint was made and the warrant was issued. The reasons for the non-apprehension of defendant are not dis-

closed by this record, the plea simply averring that the warrant was returned "not served." It is to be assumed that by such phrase it is meant that defendant was not taken into custody by virtue of the warrant.

Has the proceeding under the bastardy statute been abandoned? Apparently relying on the commencement of the non-support prosecution by plaintiff and the dismissal of that proceeding by the Circuit Court of Tyler County, defendant contends that such abandonment has taken place.

Nonsupport of a child by its father is a criminal offense. *State* v. *Rector,* 130 W. Va. 316, 43 S. E. 2d 821, 824; *State* v. *Richmond,* 124 W. Va. 777, 780, 22 S. E. 2d 537. A prosecution for nonsupport of an illegitimate child cannot be maintained unless: (1) The child is under the age of three years; or (2) the paternity is admitted by defendant; or (3) the defendant admitted the paternity of the child before it reached the age of three years; or (4) the paternity had been judicially determined in a bastardy proceeding or a nonsupport prosecution commenced within three years after the birth of the child. *State* v. *Richmond, supra; State* v. *Mills,* 121 W. Va. 205, 2 S. E. 2d 278. The provisions of Code, 48-7-1, are read into and considered a part of the nonsupport statute. *State* v. *Hoult,* 113 W. Va. 587, 169 S. E. 241. For the proposition that the paternity of an illegitimate child may be determined in a nonsupport proceeding, see *State* v. *Reed,* 107 W. Va. 563, 149 S. E. 669; *State* v. *Bennett,* 90 W. Va. 477, 111 S. E. 146.

A bastardy proceeding and prosecution for nonsupport have the same general purpose, but the issues are different. Though the prosecution for nonsupport was instigated by plaintiff, her acts in that respect do not constitute abandonment of the bastardy proceeding. No other act or conduct on the part of plaintiff is alleged in the plea, which if proved would show an intention on her part to abandon the bastardy proceeding. Without going into the question whether the plea alleges facts by way of conclusion, we are of opinion that the facts alleged in the

plea are not such as show an abandonment of the bastardy proceeding by plaintiff.

Plaintiff contends that there has been no discontinuance of the bastardy proceeding. In support of that contention Code, 56-6-8, and the case of *Taylor* v. *Taylor,* 76 W. Va. 469, 85 S. E. 462, are cited.

The statute relied upon, in substance, provides that a case on the docket of any court undetermined before the end of the term shall stand continued to the next regular term without an order of discontinuance. *Taylor* v. *Taylor, supra,* is authority for the proposition that a case once on the trial docket of a court of record is not discontinued for failure to keep it on the docket or to enter orders of continuance. It will be noted that Code, 56-6-8, makes reference to a term of court, and therefore is not applicable to a justice's court. Moreover, this proceeding never reached the trial docket of a court of record until after the apprehension of defendant in November, 1946. Nothing was done to bring this proceeding to issue in the Circuit Court of Tyler County until the warrant was placed in the hands of an officer in November, 1946.

We are mindful of the opinion of this Court in the case of *Thomasson* v. *Simmons,* 57 W. Va. 576, 50 S. E. 740, to the effect that the action in a justice's court is not discontinued by failure to make an order of continuance or other orders, but, as hereinbefore shown, the justice had no power, other than to initiate this proceeding, and hence the rule in the *Thomasson* case is inapplicable.

There is no specific authority vested in a justice by the statute to issue successive warrants in a bastardy proceeding, when the warrant originally issued has been returned unexecuted. We think such authority is necessarily implied in the statute, however, and that the justice may issue successive warrants upon proper successive complaints, provided the complaints and the warrants are made and issued before the child reaches the age of three years. But in the instant proceeding the warrant on which defendant was arrested bears date October 4, 1938, and

was last placed in the hands of an officer in November, 1946, at a time when the child was over nine years of age.

Code, 56-3-19, is not applicable to a warrant in a bastardy proceeding. No applicable statute requires that a bastardy warrant must be returned on a certain date. We have found no decided case treating that subject.

There is a partial analogy in a bastardy proceeding and a search and seizure warrant. A search and seizure warrant must be returned within a reasonable time; otherwise the warrant loses its force. *State* v. *Melanakis,* 129 W. Va. 317, 40 S. E. 2d 314, 318. "A search and seizure warrant must be executed within a reasonable time after it is issued. What constitutes reasonable time depends on the facts and circumstances of the case." *State* v. *John,* 103 W. Va. 148, 136 S. E. 842; *State* v. *Pachesa,* 102 W. Va. 607, 135 S. E. 908.

But when we compare the drastic nature of a search and seizure warrant with that of a bastardy warrant, the analogy ends. A search and seizure warrant is generally predicated upon the actual or suspected commission of crime, and calls for prompt action on the part of the officer executing the same. A bastardy warrant, however, calls for the apprehension of the accused, and the statute under which it is issued provides that the accused may enter into a recognizance for his appearance in the circuit court of the county in which the warrant was issued. The accused may not be punished, but upon trial the most that can be required of him is the performance of his duty to support his offspring. Nevertheless, we think that the warrant in a bastardy proceeding should be served within a reasonable time after its issuance. In the determination of whether an unreasonable time has elapsed between the issuance and service of the warrant, the circumstances of each case control. Instances may occur where a defendant has left the State and remained absent therefrom, or where he has secreted himself to avoid arrest, or where the accused has otherwise acted so as to prevent his apprehension. In such instances the circumstances should be given weight in determining the reasonableness of the

time between the issuance and the service of the warrant. Moreover, we do not think that the rule requiring service of a bastardy warrant within a reasonable time after its issuance should be applied with the same strictness as the rule relating to warrants of search and seizure.

In the instant case no fact is disclosed by the record showing, or tending to show, why the warrant issued on October 4, 1938, was not served on defendant until November, 1946, nor is there anything before us indicating that defendant was not amenable to service of the warrant within a reasonable time after its issuance. If defendant was not amenable to service of the warrant within such reasonable time for reasons hereinabove stated, it is a reasonable assumption that plaintiff would have met the allegations of the plea by a proper replication.

In this proceeding defendant was not apprehended until approximately nine years after the child's birth. The warrant herein had lost its force by lapse of time.

For the reasons above stated the ruling of the Circuit Court of Tyler County is reversed.

*Reversed.*

KENNA, JUDGE, concurring:

A bastardy warrant, upon compliance with Code, 48-7-1, issues "unless the child be three years old or upwards". Here the child was at least eight years old on November 15, 1946, when the warrant under which the defendant was taken into custody was "reissued" by the justice of the peace. A bastardy proceeding had been begun by the complainant before the same justice on October 4, 1938, the complaint in writing stating that the child was born October 6, 1937. No new complaint to sustain the warrant of November 15, 1946, appears. It therefore will be noted that the question here presented is this: Is this a new proceeding based upon the original complaint and started by the issuance of the warrant on November 15, 1946, or is it a further development of the proceeding begun October 4, 1938? If it is a new proceed-

ing, then the child was "upwards" of three years old when it was brought, and the demurrer to the special plea should have been overruled and the proceeding dismissed. If the warrant was simply a continuation of the first proceeding, then, the child having been under three years old when it was brought, the plea was bad and the case should have been prosecuted to a conclusion.

I am in agreement with the Court's conclusion, but believe that Code, 50-3-4, applies, to the end that the rule is express, definite and much more workable than it is to permit civil process that involves personal liberty to rest upon the uncertainty of what is or is not a reasonable time under the circumstances of each case. The section I have just referred to reads in part as follows:

"The summons in justices' courts, except as provided in article eleven of this chapter, shall be in form or in substance as follows:

_____county, to-wit:

"To any constable in said county:

"You are hereby commanded in the name of the State of West Virginia to summon A_____ B_____ to appear before me at my office in the district of _____, in the said county, on the _____ day of _____, at _____ o'clock, a. m. (or p. m., as the case may be), to answer the complaint of C_____ D_____ in a civil action for the recovery of money due on contract (or for damages for a wrong, as the case may be) in which the plaintiff will claim judgment for $_____.

"Given under my hand this _____ day of _____, 19_____ .

"E_____ F_____, J. P.

"The summons shall be made returnable not less than five nor more than thirty days from its date; * * *."

Article 11 referred to in the above quotation deals with unlawful entry or detainer alone and does not relate to the matters under consideration.

Since a statutory bastardy proceeding is a civil matter, as the cases cited in the majority opinion hold, and since the section quoted is intended to cover all civil process of a justice of the peace subject to an express exception with which we are not here concerned, both in contract and in damages for a wrong, it seems that bastardy is undoubtedly of the latter class. To call the process a "warrant" instead of a "summons" does not control as to its nature. Since the jurisdiction of a justice of the peace is divided into two classifications, criminal and civil, and since a bastardy case is a civil procedure, we encounter another classification of the *civil* jurisdiction of a justice. The field of civil jurisdiction of a justice is also divided into two classes: actions for money due on contract and damages for a wrong. This difference is followed by the statutory form I have set out above, which is plainly intended to cover the entire field of civil jurisdiction. That being so, it seems quite clear that a bastardy proceeding should be treated as one for damages for a wrong. If so, the section quoted applies and the so called warrant would have to be made returnable not less than five nor more than thirty days from its date. This would, to my mind, apply a distinct, definite statutory rule, intended to govern civil procedure, instead of leaving the extremely harsh remedy of a bastardy proceeding subject to uncertainty. Under the statute process of a justice after its return day, if not served, would lose its force by virtue of the operation of the statute: not simply "by lapse of time".

While we are not confronted with the question in this case, I believe that the constitutionality of the provision of Code, 48-7-1, which attempts to empower a justice of the peace to direct his process to the sheriff or constable of "any county where the accused may be" deserves comment. Section 28 of Article VIII of our Constitution prescribes the jurisdiction of justices of the peace and confers

upon that office certain powers. In civil matters the jurisdiction of justices of the peace is expressly confined to their counties. I would not hold that a justice's papers could be directed to any county officer in the State, or otherwise that they have a state wide effect. This Court refused to do so in *Sovereign Coal Co.* v. *Britton,* 77 W. Va. 566, 87 S. E. 925. See also *U. S. Coal & Coke Co.* v. *Kitts,* 126 W. Va. 13, 16, 27 S. E. 2d 65.