112 S.E.2d 452 (1960)
STATE of West Virginia
v.
Paul Raymond JACKSON.
No. CC851.
Supreme Court of Appeals of West Virginia.
Submitted January 13, 1960.
Decided February 9, 1960.
*453 W. W. Barron, Atty. Gen., Giles D. H. Snyder, Asst. Atty. Gen., Donald C. Hott, Pros. Atty., Joseph A. Blundon, Keyser, for plaintiff.
Vernon E. Rankin, Keyser, for defendant.
CALHOUN, Judge.
On April 21, 1959, the defendant, Paul Raymond Jackson, was indicted by a grand jury in the Circuit Court of Mineral County on a charge of nonsupport "of Paul Raymond Riggleman, his illegitimate child under the age of sixteen years, to-wit, of the age of 19 months * * *." To this indictment the defendant lodged and filed a plea in abatement, alleging that on the date of the indictment the child and its mother, Pauline Riggleman, were residents of Allegheny County in the State of Maryland; that such residence by both mother and child continued until the date of the filing of the plea in abatement; that the child was never at any time theretofore a resident of Mineral County; and the plea in abatement asserts that because of the factual situation therein alleged relative to the residence of the mother and child, the Circuit Court of Mineral County lacks jurisdiction to hear and try the charge contained in the indictment.
A demurrer to the plea in abatement was lodged and filed on behalf of the State. By an order entered on May 28, 1959, the circuit court overruled the demurrer to the plea in abatement, to which action of the court the State, by counsel, objected and excepted, but the order gave to the State "leave to file any further pleadings which it may desire responsive to said Special Plea." Thereupon, the court, on its own motion, certified to this Court its rulings on the demurrer to the plea in abatement under the provisions of Code, 58-5-2. Specifically, the circuit court certified to this Court the following question:
"May a prosecution by indictment under Code 48-8-1 et seq., for nonsupport of an illigitimate child under the age of three (3) years, whose paternity has not been admitted or judicially determined, be brought in the county in which the defendant resides and is found, if the mother of such child is not a resident of West Virginia?"
On October 12, 1959, this Court granted the State's motion to docket the certified case. Thereafter no brief was filed herein by counsel for the defendant, and they *454 did not participate in the oral argument of the case. Counsel for the defendant did, however, file a written motion to dismiss on the ground that the case was improvidently docketed by this Court.
In support of their motion to dismiss, counsel for the defendant assert that the ruling of the circuit court on the demurrer to the plea in abatement constituted a final judgment in the sense of being reviewable in this Court by writ of error under the provisions of Code, 58-5-30, and that, therefore, the judgment and rulings of the trial court could not be certified under the provisions of Code, 58-5-2.
Code, 58-5-30, upon which counsel rely for the proposition that the case should have been brought before this Court by application for a writ of error, provides, in part as follows: "Notwithstanding anything hereinbefore contained in this article, whenever in any criminal case an indictment is held bad or insufficient by the judgment or order of the circuit court, the State, on the application of the attorney general or the prosecuting attorney, may obtain a writ of error to secure a review of such judgment or order by the supreme court of appeals."
The use of the language, "Notwithstanding anything heretofore contained in this article," might reasonably be construed as making the procedure by writ of error under this statute merely cumulative of the procedure by certification under Code, 58-5-2, in certain situations, because of the fact that both statutes are placed in the same article in the Code. In any event, however, Code, 58-5-30, provides for proceeding by writ of error only in a situation where "in any criminal case an indictment is held bad or insufficient by the judgment or order of a circuit court". (Italics supplied.) In the present case, the indictment has not been adjudged by the circuit court to be "bad or insufficient". The ruling of the trial court was based on a state of facts alleged by the plea in abatement, but not appearing on the face of the indictment. The sufficiency of the indictment itself has not been challenged in these proceedings, and, therefore, the procedure for appellate review by writ of error provided by Code, 58-5-30, is not available in this instance.
Code, 58-5-2, provides for certification by a circuit court to this Court of "Any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, in any case within the appellate jurisdiction of the supreme court of appeals." While the statute applies to both criminal and civil cases in proper situations, it is clear that the statute contemplates a preliminary or interlocutory ruling or order of the circuit court as distinguished from a final judgment thereof. For instance if the circuit court in a criminal case makes "an adjudication which disposes of a pleading upon proof" offered in support of or in opposition to the allegations of such pleading, the judgment of the trial court is final in the sense that it may not be certified. State v. Holesapple, 116 W.Va. 19, syl., 178 S.E. 280. See also Jones v. Main Island Creek Coal Co., 82 W.Va. 506, 96 S.E. 797. In a civil case, if a circuit court sustains a demurrer to a bill or declaration, the questions arising upon such demurrer may be certified to this Court, but not so if the circuit court, in addition to sustaining the demurrer, also dismisses the bill or declaration. Heater v. Lloyd, 85 W.Va. 570, 102 S.E. 228; Pittsburgh & West Va. Gas Co. v. Shreve, 90 W.Va. 277, 110 S.E. 714; Lee v. City of Elkins, 97 W.Va. 183, 124 S.E. 499; Gaymont Fuel Co. v. Price, 138 W.Va. 930, 79 S.E.2d 96.
In the case of State v. O'Brien, 102 W. Va. 83, 134 S.E. 464, the court sustained both a demurrer to and a motion to quash a warrant. Though it does not appear from the opinion whether or not the warrant was dismissed and the prisoner discharged, the Court held that the judgment of the circuit court in this respect was final in the sense that it was not reviewable in this Court by certification. To sustain such *455 proposition, the Court cited Pittsburgh & W. Va. Gas Co. v. Shreve, supra, and other decisions in civil cases. In State v. Keller, 118 W.Va. 296, 191 S.E. 201, the circuit court sustained a demurrer to the warrant and the ruling thereon was certified to this Court and decided. In the case of State v. Younger, 130 W.Va. 236, 43 S.E.2d 52, in which the circuit court sustained a demurrer to the warrant, the Court, reaffirming the rule of State v. O'Brien, supra, held that the rulings of the trial court were final in the sense that they could be reviewed by writ of error only.
It may be that these prior decisions result in a degree of confusion, particularly to the extent that they designate one rule in civil cases and a different rule in criminal cases. It may be that the result of the rule of State v. O'Brien, supra, is that the action of a circuit court in sustaining a demurrer to a warrant can not be reviewed in any manner by this Court, inasmuch as Code, 58-5-30, provides for writ of error to this Court only in a situation in which "in any criminal case an indictment is held bad or insufficient." (Italics supplied.) However that may be, the cases of State v. O'Brien, supra, and State v. Younger, supra, are not precedents for the situation herein presented. In this case not only has the indictment not been held bad or insufficient, but its sufficiency has not been in any manner challenged. The indictment still stands unassailed and the State was expressly given the right to plead further to the plea in abatement. Conceivably, the State may traverse the allegations of the plea in abatement, or plead in confession and avoidance thereof. The State may take issue on a factual basis with the allegations of the plea pertaining to the residence of the mother and child. The trial court could not and did not preclude this right of the State to plead further.
For the reasons stated, the Court holds that the certified case was not improvidently docketed herein, and that the Court in this proceeding may properly decide the question certified.
Code, 48-8-1, the statute upon which the indictment is founded, provides that a parent may be prosecuted thereunder for the nonsupport of "his or her legitimate or illegitimate child or children, under the age of sixteen years * * *." (Italics supplied.) A portion of Code, 48-8-6, is as follows:
"An offense under this article shall be held to have been committed in any county in which such husband, parent, wife, child or children may be at the time such desertion, refusal, neglect or failure to provide, or any part thereof, took place, or where the offender may be at the time such complaint is made * * *."
Pursuant to the statutory provision quoted immediately above, it was held in the first point of the syllabus of the case of State v. Kessinger, W.Va., 107 S.E.2d 367, 370, that a charge of nonsupport may be tried "in any county in which the accused or the wife, child or children may be at the time such offense, or any part thereof took place, or where the offender may be at the time such complaint is made." (Italics supplied.)
Code, 48-7-1, relating to bastardy proceedings, on the other hand, provides that the mother of the child may go before a justice of the peace "of the county in which she resides and accuse any person of being the father of a bastard child of which she has been delivered." (Italics supplied.) It was on the basis of this statute that the trial court overruled the demurrer to the plea in abatement.
Notwithstanding the statutes pertaining to bastardy proceedings embodied in Chapter 48, Article 7 of the Code, this Court has held that "a cumulative remedy" in relation to illegitimate children is provided in the nonsupport statutes presently appearing in Chapter 48, Article 8 of the Code. State ex rel. Wright v. Bennett, 90 W.Va. 477, syl. 1, 111 S.E. 146. See also State v. Reed, 107 W.Va. 563, 149 *456 S.E. 669; State v. Scarbrough, 108 W.Va. 9, 150 S.E. 219.
In the case of State v. Hoult, 113 W.Va. 587, 169 S.E. 241, 242, it was held that a prosecution for nonsupport of an illegitimate child must be in accordance with the requirement of Code, 48-7-1, that bastardy proceedings must be instituted before the child attains the age of three years. Accordingly, the Court held: "The limitation fixed in the bastardy statute must be deemed applicable to non-support as well."
In State of W. Va. v. Richmond, 124 W.Va. 777, 22 S.E. 537, this Court held in point 1 of the syllabus:
"Under the nonsupport statute (Code, 48-8-1) and the bastardy statute (Code, 48-7-1), read in pari materia, a warrant, charging a defendant with nonsupport of his alleged illegitimate child `under the age of sixteen years and in destitute and necessitous circumstances', is insufficient and fatally defective unless it contains a further allegation that the child is under the age of three years or that the paternity of the child is admitted by the defendant, or had been admitted before the child attained the age of three years, or had been judicially determined in a bastardy or nonsupport proceeding instituted within three years after the child's birth." See also Holmes v. Clegg, 131 W.Va. 449, 453, 48 S.E.2d 438.
Code, 48-7-1, dealing with bastardy proceedings, provides that the complaint in such a proceeding shall be made by the mother. Accordingly, in the case of Billingsley v. Clelland, 41 W.Va. 234, 23 S.E. 812, it is stated in the second point of the syllabus: "Under the statutory provisions of this State, a bastardy proceeding can only be instituted by the mother of the child * * *."
In the case of State v. Epperly, 135 W. Va. 877, 65 S.E.2d 488, 490, the warrant charged the defendant with nonsupport of an illegitimate child. The trial court quashed the warrant on the sole ground that it disclosed that the complaint was signed by the grandmother of the child rather than by its mother, but this Court held:
"* * * The defendant asserts in effect that under the cases just cited, the quoted provisions of Section 1, Article 7, Chapter 48, Code, 1931, which as pointed out in Billingsley v. Clelland, 41 W.Va. 234, 23 S.E. 812, permit only the mother of the child to institute a bastardy proceeding, when read together with the provisions of Section 2, Article 8, of the same chapter, restrict the scope of that section, with respect to the institution of proceedings under it, to such proceedings only as may be instituted upon complaint under oath or affirmation by the mother of the child or children mentioned in the statute. This contention is wholly untenable and completely ignores and overlooks the express language of Section 2 of Article 8 that `Proceedings under this article may be instituted upon complaint made under oath or affirmation by the wife, child or children, or by any other person who may be cognizant of the facts, before any justice of the peace of the county in which such wife, child or children may be. * * *'"
With reference to the provision in Code, 48-8-2, that nonsupport proceedings "may be instituted upon complaint made under oath or affirmation by the wife, child or children, or by any other person who may be cognizant of the facts", the Court stated in the first point of the syllabus of State v. Epperly, supra: "The rule that statutes which relate to the same subject should be read and construed together is a rule of statutory construction and does not apply to a statutory provision which is clear and unambiguous."
Code, 48-8-6, dealing with nonsupport proceedings, provides in clear and unambiguous *457 language: "An offense under this article shall be held to have been committed in any county in which such husband, parent, wife, child or children may be at the time such desertion, refusal, neglect or failure to provide, or any part thereof, took place, or where the offender may be at the time such complaint is made * * *." Such language, being clear and unambiguous and plainly expressing the legislative intent, "will not be interpreted by the courts but will be given full force and effect." State v. Epperly, pt. 2 syl., supra.
For the reasons stated herein, the question certified is answered in the affirmative, the judgment of the Circuit Court of Mineral County is reversed, and this proceeding is remanded to that court for trial of the offense charged in the indictment.
Ruling reversed.